UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| APRIL WOOTEN | § |
| | § |
| | § |
| v. | § CIVIL ACTION NO. 4:25-cv-3558 |
| | § (Jury Trial Demanded) |
| SCP 6750 MAIN STREET, LLC, SCP | § |
| 6750 MAIN STREET OPCO, LLC, IHG | § |
| MANAGEMENT (MARYLAND), LLC, | § |
| AND STAN ALEXANDER | § |

**DEFENDANTS' SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, AND STAN ALEXANDER'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS:

COME NOW Defendants SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, and STAN ALEXANDER and file this, their Notice of Removal of a state-court action, pursuant to 28 U.S.C. §§1441(a), 1446(a), and would respectfully show the Court the following:

### I. INTRODUCTION

1. Plaintiff April Wooten ("Plaintiff") filed her Original Petition to commence this civil action in the 234th Judicial District Court of Harris County, Texas, styled *April Wooten v. SCP 6750 Main Street, LLC, SCP 6750 Main Street OpCo, LLC, IHG Management (Maryland) LLC, and Stan Alexander,* Cause No. 2025-43556, on June 23, 2025.

2. Defendants SCP 6750 Main Street, LLC, SCP 6750 Main Street OpCo, LLC, and Stan Alexander were served with Plaintiff's Original Petition on July 1, 2025. Defendants timely file this notice of removal within the 30-day time period required by and pursuant to 28 U.S.C. §1446(b)(1).

## II. FRAUDULENT JOINDER

3.      Plaintiff has brought this suit against Defendants SCP 6750 Main Street, LLC, SCP 6750 Main Street OpCo, LLC, IHG Management (Maryland) LLC, and Stan Alexander (collectively "Defendants") claiming premises liability, negligence, and gross negligence and seeking to recover for damages related to alleged personal injuries she sustained as a result of an incident that occurred on or about November 30, 2023, at an InterContinental Hotel located at 6750 Main Street, Houston, Texas 77030. Specifically with respect to Defendant Stan Alexander ("Defendant Alexander" or "Alexander"), Plaintiff, a citizen of the State of Texas, alleges that Alexander, also a citizen of the State of Texas, personally breached a duty he owed to Plaintiff. *Plaintiff's Original Petition*, **VII. CAUSES OF ACTION AGAINST DEFENDANT ALEXANDER**. Plaintiff further pleads that Alexander's allegedly negligent conduct consisted of him failing to take "sufficient actions to make the area safe for guests and failed to adequately warn Plaintiff or ensure that adequate warnings were in place to warn Plaintiff." *Id*. Plaintiff has also asserted claims against SCP 6750 Main Street, LLC, SCP 6750 Main Street OpCo, LLC, foreign limited liability companies whose citizenship includes the State of Texas, therefore making them non-diverse as well. However, Alexander and both SCP entities are improper defendants and have been fraudulently joined.

4.      Defendant Alexander has been named as a defendant in this lawsuit for the sole purpose of preventing the just removal of this case to Federal Court and to deprive this Court of its duly granted jurisdiction over the instant matter. The fraudulent joinder doctrine dictates that a plaintiff may not defeat diversity jurisdiction by joining an improper, non-diverse defendant. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). In finding that fraudulent joinder exists, a Federal Court may "disregard, for jurisdictional purposes, the citizenship of

certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). To prove that a party was improperly joined, a moving party must demonstrate that "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*), *cert. denied* 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005) (internal quotation marks and citation omitted). The latter is the case in the instant matter.

5.      The Fifth Circuit has held that the applicable standard in determining whether a plaintiff has a valid claim against an allegedly fraudulent defendant is that set forth in its *Smallwood* ruling. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016). In determining whether a valid claim exists, the court may either "conduct a Rule 12(b)(6)-type analysis, looking at . . . whether the complaint states a claim under state law against the in-state defendant" or "pierce the pleadings and conduct a summary inquiry. The former option is applicable in the matter present before this Court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 573 (2004). In conducting a Rule 12(b)(6) analysis, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case". *Ibid*. It is important to note the distinction that, although *Smallwood* requires the showing that a moving party demonstrate that a plaintiff cannot establish a cause of action against the non-diverse party in state court, the state pleading standard does not apply. *Int'l Energy Ventures v. United Energy*, 818 F.3d at 205 (2016). The Fifth Circuit further clarified that the stricter, federal pleading standard applies to Rule 12(b)(6) analyses: "a complaint must have contained 'enough facts to state a claim to relief

3

that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (U.S. 2007)).

6. Under Texas law, a corporate manager or agent may be held personally liable to others "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). The example provided by the Court in *Leitch* is of an agent who negligently causes a motor vehicle accident. In such case, that agent would be able to be held personally liable in addition to his employer. *Ibid.*

7. Further, under Texas law, "negligent hiring or negligent entrustment and respondeat superior are mutually exclusive modes of recovery" when only ordinary negligence is alleged. *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W. 3d 643, 654 (5th Cir. 2002). Texas courts have reasoned that derivative claims, such as that of r*espondeat superior*, and direct claims, such as negligent hiring, supervision, training, retention, or entrustment, are simply alternative methods of making an employer liable for the negligent acts of an employee. *See Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). Therefore, "[o]nce the applicability of the respondeat superior doctrine is established, the competence or incompetence of the servant and the care which was exercised in his employment are immaterial issues." *Estate of Arrington v. Fields*, 578 S.W. 2d 173, 178 (Tex. App. – Tyler 1979). In other words, "when a plaintiff pleads ordinary negligence . . . against an employer and employee, and the employer's liability for its employee's negligent acts has been established through a stipulation of vicarious liability," a defendant is entitled to summary judgment on the plaintiff's claims for negligent hiring, supervision, training, and retention. *Williams*, 671 F. Supp. 2d at 888. Note that Defendant is not

4

stipulating to any finding of liability, only that Defendant IHG is liable for Defendant Alexander's negligent acts or omissions, if any. Defendant denies that any Defendants acted negligently in any respect regarding the incident at issue in this case.

8.  In the present case, the only alleged breach(es) of duty by Alexander was(were) related to his role as the Director of Safety and Security for Defendant IHG. As such, any duty owed by Alexander to Plaintiff was owed entirely in his capacity as an employee of Defendant IHG. Plaintiff has asserted no facts or legal arguments that would establish and the relevant case law does not support a finding of individual liability on Defendant Alexander for premises liability, negligence, or gross negligence in the instant case.

9.  Because Defendant Alexander owed no independent duty to Plaintiff apart from the duty he owed as an employee of Defendant IHG, and because at all times relevant to this suit, Alexander was in the course and scope of his employment with Defendant IHG, Plaintiff has no valid claim against Defendant Alexander under applicable state law.

10. Similarly, Plaintiff has asserted claims against Defendants SCP 6750 Main Street, LLC, SCP 6750 Main Street OpCo, LLC, (collectively "SCP") for their "negligent, careless and reckless disregard" of their duty owed to Plaintiff. *Plaintiff's Original Petition*, **VI. CAUSES OF ACTION AGAINST DEFENDANT OWNER**. Although Plaintiff asserts that SCP 6750 Main Street, LLC, and SCP 6750 Main Street OpCo, LLC, are both foreign limited liability companies, Plaintiff claims that SCP was "responsible for the management and operation of the Premises. *Id.* However, as detailed hereinabove, <u>Defendant IHG is the entity that actually operated and managed the premises where the subject incident occurred</u>. Plaintiff accurately refers to SCP as "Owner", but this is where its involvement and control over the hotel ends. SCP

5

had no involvement in the day-to-day operations, personnel management, hiring, supervision, or retention, or maintenance of the area of the premises where the subject incident occurred.

11. Because neither SCP entity had control of the premises at the time of the subject incident, Plaintiff has no valid claim against Defendants SCP 6750 Main Street, LLC, or SCP 6750 Main Street OpCo, LLC. *See Butcher v. Scott*, 906 S.W.2d 14, 15 (Tex. 1995); *La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 522 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Carter v. City of Galveston*, No. 01-07-01010-CV, 2008 Tex. App. LEXIS 8764, at *5 (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no pet.); *De Leon v. Creely*, 972 S.W.2d 808, 812 (Tex. App. – Corpus Christi 1998, no pet).

12. Furthermore, and in the alternative if such is necessary, Plaintiff has improperly asserted claims against Defendants under a seemingly hybrid premises liability and negligence cause of action. *See Plaintiff's Original Petition*. When a claim for personal injury is made for an injury sustained while on someone else's property, the claimant "may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises liability principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Therefore, "[n]egligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

13. In the present case, Plaintiff's claims arise out of an incident in which she slipped and fell on an allegedly wet floor at one of Defendant IHG's properties. *Plaintiff's Original Petition*, **IV.**

**FACTS**. At no point does Plaintiff allege there was any ongoing activity that caused or contributed to the incident giving rise to this suit. Because there was no ongoing, contemporaneous activity by Defendants or their employees at the time of the accident, Plaintiff's claims for negligence must therefore necessarily be brought under the premises liability theory. Additionally, if a claim is one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as one for general negligence. *See Sampson v. Univ. of Tex. At Austin*, 500 S.W.3d 380, 389 (Tex. 2014) (Court determined a trip and fall case was properly characterized as a premises liability claim when professor tripped on improperly secured knee height extension cord). Plaintiff's causes of action against any/all Defendants for ordinary negligence are therefore improper and derivative causes of action in light of the facts of the accident and the nature of the complained-of condition, as asserted by Plaintiff in her live pleading.

14. Because Plaintiff has no valid claim against the non-diverse Defendant Alexander, naming Defendant Alexander as a defendant in this matter constitutes a fraudulent joinder under Federal law and therefore <u>does not</u> defeat complete diversity of the parties.

### III. BASIS FOR REMOVAL

15. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

16. At the time the state-court action was commenced and as of the date of this notice, Defendant IHG was and is a Maryland limited liability company with its principal place of business in the State of Georgia. The citizenship of a limited liability company is determined by the citizenship of each member of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant IHG's sole member is InterContinental Hotels Group

Resources, LLC, a Delaware limited liability company with its principal place of business in Georgia. InterContinental Hotels Group Resources, LLC's, sole member is Six Continents Hotels, Inc., a Delaware corporation with its principal place of business in Georgia. Defendant IHG is therefore a citizen of the States of Delaware and Georgia. The Plaintiff, April Wooten, is a citizen of the State of Texas. Therefore, complete diversity exists as to Plaintiff and Defendant IHG.

17.     Defendant SCP 6750 Main Street, LLC, was and is a Delaware limited liability company with its principal place of business in the State of California. Defendant SCP Main Street OpCo, LLC, was and is a Delaware limited liability company with its principal place of business in the State of California. Both entities' citizenship includes the State of Texas. Defendant Alexander is also a citizen of the State of Texas. However, pursuant to the established case law and as detailed hereinabove, the fraudulent joinder doctrine prevents Plaintiff from using either SCP entity or Alexander's citizenship to defeat diversity jurisdiction in this case.

18.     Plaintiff alleges that as a direct and proximate result of Defendants' actions, she now seeks to recover damages relating to:

    a. Past and future medical expenses;

    b. Past and future physical pain and suffering;

    c. Past and future physical impairment;

    d. Past and future mental anguish;

    e. Past and future physical disfigurement; and

    f. Any and all damages allowed by law.

19.     In Texas, all original pleadings that set forth a claim for relief must contain a specific statement of the relief the party seeks, pursuant to Texas Rules of Civil Procedure 47(c). In

Plaintiff's Original Petition, Plaintiff has asserted damages of over $1,000,000. Plaintiff has also alternatively asserted damages totaling between $250,000 and $1,000,000 as well as damages totaling less than $250,000. Notwithstanding Plaintiff's failure to comply with the pleading requirements of TRCP 47(c), it is facially apparent from Plaintiff's initial pleadings that he is demanding monetary relief in an amount that exceeds the minimum jurisdictional amount of $75,000.00. 28 U.S.C. §§1332(a); 1446(c)(2).

20.     Pleading in the alternative, if such is necessary, in order to determine whether a claim's amount in controversy exceeds $75,000, the district court must first examine the petition to determine whether it is "facially apparent". *Findley v. Allied Fin. Adjusters Conf., Inc.*, No. H-15-2699, 2015 WL 7738077, at *4–5 (S.D. Tex. Dec. 1, 2015) (citing Tex. R. Civ. P. 47; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) and quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). However, when "it is not facially apparent that the value of [a plaintiff's] claims exceeds the jurisdictional amount, the court turns to evidence submitted by the parties to ascertain the amount in controversy." *Id*. at *3.

21.     Further, the only way Plaintiff can defeat diversity jurisdiction is by filing a binding stipulation with her petition stating that she will not accept a sum of damages exceeding $75,000. *Gates v. Allstate Texas Lloyd's*, 267 F. Supp.3d 861 (W.D. Tex. 2016) (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 142 (5th Cir. 1995). No such stipulation has been filed as of the date of this removal.

22.     The only other properly joined and served defendant is Defendant IHG, which consents to this removal. There are no other defendants in this case that would require consent for removal. 28 U.S.C. §1446(b)(2)(A).

23. A copy of all process, pleadings, and orders served upon Defendants in the state-court action are attached hereto as "Exhibit A," as required by 28 U.S.C. §1446(a).

24. Venue is proper in this district court because this district and division encompass the place in which the state-court action is pending.

### III. JURY DEMAND

25. Defendants have made a jury demand in the state-court action; therefore, Defendants are not required to renew its demand. Fed. R. Civ. P. 81(c)(3)(A).

### PRAYER

WHEREFORE, Defendants SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, and STAN ALEXANDER, respectfully request that this action proceed in this District Court as an action properly removed to it, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

BY: _/s/ Gina Lucero_
GINA A. LUCERO
State Bar No.: 00791144
Federal Bar No.: 19949
**Attorney-In-Charge**
Stefan A. Ginnard
State Bar No.: 24086440
Federal Bar No.: 2895693
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**COUNSEL FOR DEFENDANTS**

10

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 31st day of July, 2025, the foregoing instrument was electronically filed with the Clerk of Court using the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3), the following counsel of record shall be served with a true and correct copy of this instrument by operation of the Court's CM/ECF system:

*__Via Electronic Service:__*
Chris M. Portner
J. Trenton Bond
Portner & Bond, PLLC
1905 Calder Avenue
Beaumont, Texas 77701

                   GINA A. LUCERO