**"EXHIBIT A"**
**INDEX OF MATTERS BEING FILED**

1) **ALL EXECUTED PROCESS**
   i.    Affidavit of Service for IHG Management (Maryland) LLC
   ii.   Affidavit of Service for SCP 6750 Main Street LLC
   iii.  Affidavit of Service for SCP 6750 Main Street OPCO LLC
   iv.   Affidavit of Service for Stan Alexander

2) **ALL PLEADINGS AND ANSWERS TO PLEADINGS**

   i.    Plaintiff's Original Petition
   ii.   Defendant IHG Management (Maryland) LLC's Original Answer and Jury Demand
   iii.  Defendants' SCP 6750 Main Street, LLC, SCP 6750 Main Street OPCO, LLC and
         Stan Alexander's Original Answer and Jury Demand

3) **ALL ORDERS SIGNED BY THE STATE JUDGE**

   i.    No orders were entered.

4) **STATE COURT DOCKET SHEET**

5) **LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED**

   **ATTORNEY FOR PLAINTIFF**
   **APRIL WOOTEN**
   Chris M. Portner
   State Bar No. 24007858
   J. Trenton Bond
   State Bar No. 00785707
   Portner & Bond, PLLC
   1905 Calder Avenue
   Beaumont, Texas 77701
   Telephone: (409) 838-4444
   Facsimile: (409) 554-0240
   Email: cportner@portnerbond.com
   Email: tbond@portnerbond.com

   **ATTORNEY FOR DEFENDANTS**
   Gina A. Lucero
   State Bar No.: 00791144
   Federal Bar No.: 19949
   **Attorney-In-Charge**
   Stefan A. Ginnard
   State Bar No.: 24086440
   Federal Bar No.: 2895693
   Lucero | Wollam, P.L.L.C.

1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

.

Receipt Number: 1076018
Tracking Number: 74498648

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202543556

| | |
|---|---|
| PLAINTIFF: WOOTEN, APRIL | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: SCP 6750 MAIN STREET LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: IHG MANAGEMENT (MARYLAND) LLC (FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED
BY SERVING ITS REGISTERED AGENT UNITED AGENT GROUP INC

5444 WESTHEIMER #1000

HOUSTON TX 77056

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 23, 2025, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 24, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANDRA LAWSON

Issued at request of:
PORTNER, CHRISTOPHER MICHAEL
1905 CALDER AVENUE
BEAUMONT, TX  77701
409-838-4444
Bar Number: 24007858

Tracking Number: 74498648

CAUSE NUMBER: 202543556

PLAINTIFF: WOOTEN, APRIL

In the 234th

vs.

Judicial District Court

DEFENDANT: SCP 6750 MAIN STREET LLC

of Harris County, Texas

~~OFFICER~~/AUTHORIZED PERSON RETURN

Came to hand at **10:00** o'clock **A.** M., on the **30** day of **JUNE** , 20 **25** .

Executed at (address) **5444 WESTHEIMER, SUITE 1000, HOUSTON, TEXAS 77056** in **HARRIS** County

at **1:57** o'clock **P.** M., on the **30** day of **JUNE** , 20 ___

by delivering to **IHG MANAGEMENT LLC-REGISTERED AGENT UNITED AGENT GROUP INC** Defendant, in person, a true copy of this

Citation together with the accompanying **1** copy(ies) of the **PLAINTIFF'S ORIGINAL PETITION** Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this **30** day of **JUNE** , 20 **25** .

FEE: $ _____    **PSC 3025 EXP 8/31/27**

_____ of **HARRIS**

County, Texas **PSC3025**

**Carol Agnew** **EXP 8/31/27**    By: **Carol Agnew**
Affiant    ~~Deputy~~

On this day, **Carol Agnew** , known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this **30** of **June** , 20 **25** .



Notary Public

ROBERT DAVID BAKER
Notary Public, State of Texas
Comm. Expires 01-14-2027
Notary ID 1006431

## AFFIDAVIT FROM AUTHORIZED PROCESS SERVER

THE STATE OF TEXAS                          CAUSE NUMBER: 2025-43556
COUNTY OF HARRIS                            234th JUDICIAL DISTRICT COURT

Style:    APRIL WOOTEN
                    VS
          SCP 6750 MAIN STREET LLC, SCP 6750 MAIN STREET OPCO, LLC, IHG
          MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER

Came to Hand:   JUNE 30, 2025 @ 10:00 AM

Date and Time   JUNE 30, 2025
   Delivered:   1:57 PM
                5444 WESTHEIMER ROAD, SUITE 1000, HOUSTON, TEXAS, 77056

Document(s)    1- PLAINTIFF'S ORIGINAL PETITION ON:
  Delivered:   **IHG MANAGEMENT LLC- BY SERVING ITS REGISTERED
               AGENT UNITED AGENT GROUP, INC.
               - ALYSSA ORTIZ ACCEPTED**

Before me the undersigned authority, on this day personally appeared, CAROL AGNEW, known to me
to be the person whose name is subscribed hereto and under oath stated:

 "My name is CAROL AGNEW. I am over the age of twenty-one years and of sound mind. I am not a
party to or interested in the outcome of this cause, and I am authorized to serve citations, petitions, and
civil process for the courts of Texas. I have personal knowledge of every statement made herein, and I
am fully competent to testify as to matters stated herein. Every statement in this affidavit is true and
correct".

Signed this __30__ day of JUNE 2025.

                          _carolAgnew_
                          CAROL AGNEW PSC#3027
                          Authorized Process Server
                          EXPIRES 8/31/25

SUBSCRIBED AND SWORN TO BEFORE ME on this __30__ day of JUNE 2025.

                          Notary Public, State of Texas

ROBERT DAVID BAKER
Notary Public, State of Texas
Comm. Expires 01-14-2027
Notary ID 1006431



# CORPORATE CREATIONS
### Part of the Computershare Group

Registered Agent Agreement
and Authorization of Authority

I, Clara Jastrzemski, Director of Document Services for Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus and all of its staff, including but not limited to Maria Jacobs, to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of each business and each business entity represented by Corporate Creations Network Inc. and United Agent Group Inc.

This authorization includes signing on behalf of Corporate Creations Network Inc. and United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

This affidavit is valid until the next issued affidavit or until December 31, 2025, whichever comes sooner.

*Alyssa Ortiz*

HEREBY SEEN AND AGREED:

*1409 5|4|25*

_____                    5/5/2025
Clara Jastrzemski                                DATE
Director of Document Services
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

*14th of 5|4|25*

The foregoing instrument was acknowledged before me this 5th day of May 2025 by the above-named signatory, who is personally known to me or who produced a driver's license or passport as identification and who did take an oath.

SOLANGEL CASTRO
MY COMMISSION # HH 402423
EXPIRES: May 24, 2027

_____                    _____
Signature of Notary Public                     Stamp of Notary Public

7/8/2025 3:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102882147
By: Rosa Carrizales
Filed: 7/8/2025 3:34 PM

Receipt Number: 1076018
Tracking Number: 74498650

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202543556

| | |
|---|---|
| PLAINTIFF: WOOTEN, APRIL | In the 234th Judicial |
| VS. | District Court of |
| DEFENDANT: SCP 6750 MAIN STREET LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: SCP 6750 MAIN STREET LLC (FOREIGN LIMITED LIABILITY COMPANY) MAY BE SEVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 23, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 24, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANDRA LAWSON

Issued at request of:
PORTNER, CHRISTOPHER MICHAEL
1905 CALDER AVENUE
BEAUMONT, TX  77701
409-838-4444
Bar Number: 24007858

## <u>AFFIDAVIT OF SERVICE</u>

State of Texas                    County of Harris                    234th Judicial District Court

Case Number: 202543556

Plaintiff:
**APRIL WOOTEN**

vs.

Defendant:
**SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, HG MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER**

For:
Christopher Michael Portner
1905 Calder Avenue
Beaumont, TX 77701

Received by Chris Dathe on the 30th day of June, 2025 at 11:00 am to be served on **SCP 6750 Main Street LLC, 211 E 7th Street, Suite 620, Austin, TX 78701.**

I, Chris Dathe, being duly sworn, depose and say that on the **1st day of July, 2025** at **10:25 am, I:**

served a **CORPORATION** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Mak Hayes** as **Intake Agent for Corporation Service Company** who is the Registered Agent for **SCP 6750 Main Street LLC**, at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 2nd day
of July, 2025 by the affiant who is personally known
to me.

_Cecilia Dathe_
NOTARY PUBLIC

NOTARY PUBLIC
CECILIA DATHE
ID #129576044
My Commission Expires
September 29, 2025

Chris Dathe
PSC 6008, Exp. 12-31-26

**NPZ Services**
**505 Orleans St.**
**Suite 300**
**Beaumont, TX 77701**
(409) 454-5370

Our Job Serial Number: MCI-2025001860

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102882147
Filing Code Description: No Fee Documents
Filing Description: SCP6750 Main Street - ROS1
Status as of 7/9/2025 12:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 7/8/2025 3:34:11 PM | SENT |

7/8/2025 3:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102882147
By: Rosa Carrizales
Filed: 7/8/2025 3:34 PM

Receipt Number: 1076018
Tracking Number: 74498649

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202543556

| | |
|---|---|
| PLAINTIFF: WOOTEN, APRIL | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: SCP 6750 MAIN STREET LLC | Harris County, Texas |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: SCP 6750 MAIN STREET OPCO LLC (FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 23, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 24, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANDRA LAWSON

Issued at request of:
PORTNER, CHRISTOPHER MICHAEL
1905 CALDER AVENUE
BEAUMONT, TX  77701
409-838-4444
Bar Number: 24007858

## AFFIDAVIT OF SERVICE

State of Texas            County of Harris            234th Judicial District Court

Case Number: 202543556

Plaintiff:
**APRIL WOOTEN**

vs.

Defendant:
**SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, HG MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER**

For:
Christopher Michael Portner
1905 Calder Avenue
Beaumont, TX 77701

Received by Chris Dathe on the 30th day of June, 2025 at 11:00 am to be served on **SCP 6750 Main Street OPCO LLC, 211 E 7th Street, Suite 620, Austin, TX 78701**.

I, Chris Dathe, being duly sworn, depose and say that on the **1st day of July, 2025** at **10:25 am, I:**

served a **CORPORATION** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Mak Hayes** as **Intake Agent for Corporation Service Company** who is the Registered Agent for **SCP 6750 Main Street OPCO LLC**, at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 2nd day
of July, 2025 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

CECILIA DATHE
ID #129576644
My Commission Expires
September 29, 2025

_____
**Chris Dathe**
PSC 6008, Exp. 12-31-26

**NPZ Services**
**505 Orleans St.**
**Suite 300**
**Beaumont, TX 77701**
**(409) 454-5370**

Our Job Serial Number: MCI-2025001861

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 102882147
Filing Code Description: No Fee Documents
Filing Description: SCP6750 Main Street - ROS1
Status as of 7/9/2025 12:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 7/8/2025 3:34:11 PM | SENT |

Marilyn Burgess - District Clerk Harris County
Envelope No. 102725661
By: Shannon North-Gonzalez
Filed: 7/2/2025 6:42 PM

Receipt Number: 1076018
Tracking Number: 74498651

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202543556

| | |
|---|---|
| PLAINTIFF: WOOTEN, APRIL | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: SCP 6750 MAIN STREET LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALEXANDER, STAN

6750 MAIN STREET

HOUSTON TX 77030

OR WHEREVER HE MAY BE FOUND

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 23, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 24, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANDRA LAWSON

Issued at request of:
PORTNER, CHRISTOPHER MICHAEL
1905 CALDER AVENUE
BEAUMONT, TX  77701
409 838-4444
Bar Number: 24007858

Tracking Number: 74498651

CAUSE NUMBER: 202543556

PLAINTIFF: WOOTEN, APRIL
      vs.
DEFENDANT: SCP 6750 MAIN STREET LLC

In the 234th
Judicial District Court
of Harris County, Texas

~~OFFICER~~/AUTHORIZED PERSON RETURN

Came to hand at **10:00** o'clock **A** M., on the **30** day of **JUNE**, 20 **25**,
Executed at (address) **26015 LAVENDAR JADE COURT, KINGWOOD, TEXAS 77339**
in **MONTGOMERY** County
at **1:27** o'clock **P** M., on the **1ST** day of **JULY**, 20 **25**,
by delivering to **STAN ALEXANDER** defendant,
in person, a true copy of this
Citation together with the accompanying **1** copy(ies) of the
**PLAINTIFF'S ORIGINAL PETITION** Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this **1ST** day of **JULY**, 20 **25**.

FEE: $ _____

**PSC 3025 EXP 8/31/27**
of **HARRIS**

County, Texas **PSC 3025 EXP 8/31/27**
_Carol Agnew_
    Affiant
By: _Carol Agnew_
    Deputy

On this day, _Carol Agnew_ , known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_July_ , 20 **25**

_____
Notary Public



ROBERT DAVID BAKER
Notary Public, State of Texas
Comm. Expires 01-14-2027
Notary ID 1006431

## AFFIDAVIT FROM AUTHORIZED PROCESS SERVER

THE STATE OF TEXAS          CAUSE NUMBER: 2025-43556
COUNTY OF HARRIS        234th JUDICIAL DISTRICT COURT

      Style:     APRIL WOOTEN
                      VS
            SCP 6750 MAIN STREET LLC, SCP 6750 MAIN STREET OPCO, LLC, IHG
            MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER

Came to Hand:    JUNE 30, 2025 @ 10:00 AM

Date and Time    JULY 1, 2025
   Delivered:     1:27 PM
               26015 LAVENDER JADE COURT, KINGWOOD, TEXAS 77339

Document(s)    1- PLAINTIFF'S ORIGINAL PETITION ON:
   Delivered:     **STAN ALEXANDER**

Before me the undersigned authority, on this day personally appeared, CAROL AGNEW, known to me to be the person whose name is subscribed hereto and under oath stated:

"My name is CAROL AGNEW. I personally delivered the documents to **STAN ALEXANDER.** I am over the age of twenty-one years and of sound mind. I am not a party to or interested in the outcome of this cause, and I am authorized to serve citations, petitions, and civil process for the courts of Texas. I have personal knowledge of every statement made herein, and I am fully competent to testify as to matters stated herein. Every statement in this affidavit is true and correct".

Signed this ___1st___ day of JULY 2025.

                     _Carol Agnew_____
                     CAROL AGNEW PSC#3027
                     Authorized Process Server
                     EXPIRES 8/31/25

SUBSCRIBED AND SWORN TO BEFORE ME on this ___/___ day of JULY 2025.

                     _Robert David Baker_____
         Notary Public, State of Texas



ROBERT DAVID BAKER
Notary Public, State of Texas
Comm. Expires 01-14-2027
Notary ID 1006431

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102725661
Filing Code Description: No Fee Documents
Filing Description:
Status as of 7/3/2025 7:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 7/2/2025 6:42:02 PM | SENT |

6/23/2025 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102313561
By: Chandra Lawson
Filed: 6/23/2025 3:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **APRIL WOOTEN** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SCP 6750 MAIN STREET, LLC, SCP** | § | |
| **6750 MAIN STREET OPCO, LLC, IHG** | § | |
| **MANAGEMENT (MARYLAND), LLC,** | § | |
| **AND STAN ALEXANDER,** | § | |
| **Defendants** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW,** APRIL WOOTEN, (hereinafter "Plaintiff"), complaining of **SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, IHG MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER** (collectively hereinafter "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

  Plaintiff brings this case pursuant to Track 3 of the Revised Texas Rules of Civil Procedure.

### II.
### VENUE

  Venue is properly maintained before this Court under Texas Civil Practice & Remedies Code Section 15.002 in that all or a substantial part of the events or omissions giving rise to this suit occurred in Harris County, Texas. This action arises under the laws of the State of Texas, both statutory and common.  This Court has jurisdiction of this case pursuant to the laws of the State of Texas, and all matters in controversy are within the jurisdictional limits of this Court.

1

## III.
## PARTIES AND SERVICE

Plaintiff, **APRIL WOOTEN**, would show that she was a resident of Orange County, Texas, at the time of the accident in question.

Defendant, **IHG MANAGEMENT (MARYLAND), LLC,** is a foreign limited liability company that may be served through its registered agent, United Agent Group, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

Defendant, **SCP 6750 MAIN STREET, LLC**, is a foreign limited liability company that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, **SCP 6750 MAIN STREET OPCO, LLC**, is a foreign limited liability company that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, **STAN ALEXANDER**, is an individual residing in Harris County, Texas and can be served with process by serving him at 6750 Main Street, Houston, Texas 77030 or wherever he may be found.

## IV.
## FACTS

On or about November 30, 2023, Petitioner was injured on the premises of InterContinental Hotel located at 6750 Main Street, Houston, Texas 77030 (hereinafter "Premises"). Petitioner slipped and fell due to an unsafe condition on the Premises and suffered severe bodily injuries (the "Accident"). The Premises was owned on the date of the Accident and at all relevant times by SCP 6750 MAIN STREET, LLC and SCP 6750 MAIN STREET OPCO, LLC (collectively

2

referred to herein as "Owner").  The Premises was managed by IHG Management (Maryland), LLC (referred to herein as "IHG") on the date of the accident and at all relevant times.  Mr. Alexander was the Director of Safety and Security on the date of the accident and at all relevant times.  After the Accident, Mr. Alexander informed Plaintiff that he knew the flooring upon which Plaintiff slipped was unsafe and that he had already recommended that it be replaced.  Despite this knowledge, Defendants failed to take sufficient actions to make the area safe for guests and failed to adequately warn Plaintiff.

Plaintiff sustained personal injuries due to the negligence of Defendants in Harris County, Texas.  Plaintiff would show that while on the premises, she was harmed by the unreasonably dangerous condition on the premises, namely, the wet floor in front of the Hotel, which caused her to slip and fall and suffer bodily injury. Plaintiff was an invitee at the time the injury occurred. Plaintiff went on and into Defendants' premises for the mutual benefit of herself and Defendants, and at the invitation of the Defendants. Plaintiff was a business invitee of Defendants because she was a guest of the Hotel.  Because Plaintiff was an invitee at the time of injury, Defendants owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give adequate warning of any dangers.

Defendants' conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff.  Defendants knew of, or should have known, that the condition on their premises created an unreasonable risk of harm to invitees in that it was reasonably foreseeable that an invitee could be injured by slipping and falling on a wet floor. Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees in that Defendants failed to conduct a reasonably diligent inspection of the premises, remedy the wet floor and failed to warn invitees, including

3

Plaintiff, to use extra caution when entering the Premises. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT IHG

Defendant IHG managed the Premises on the date of the accident and during the relevant time period.  Defendant IHG was responsible for the management and operation of the Premises. Defendant IHG had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant IHG's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant IHG consisted of, but is not limited to, the following acts and omissions:

1. Failing to exercise reasonable care to make the premises safe for invitees;

2. Failing to warn of dangerous condition that existed;

3. Failing to exercise reasonable care to inspect the premises;

4. Failing to exercise reasonable care in order to discover the dangerous conditions that existed;

5. Failing to properly maintain the premises in a reasonable and safe condition;

6. Failing to remedy the dangerous condition that existed;

7. Creating the dangerous condition;

8. Negligently failing to remove or warn of the wet floor;

9. Failing to properly supervise and train its employee with regard to the company's policies and/or maintenance and sanitation procedures;

4

10. Failing to have adequate policies and procedures in place to dictate appropriate practices for maintenance and/or sanitation;

11. Failing to exercise reasonable care in order to discover the dangerous conditions that existed; and

12. Other acts of negligence as yet unspecified.

Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of the Defendant have no excuse in law, their acts and omissions also constitute *negligence per se*; the Defendant thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

**VI.**
**CAUSES OF ACTION AGAINST DEFENDANT OWNER**

Defendant Owner owned the Premises on the date of the accident and during the relevant time period.  Defendant Owner was also responsible for the management and operation of the Premises.  Defendant Owner had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant Owner's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Owner consisted of, but is not limited to, the following acts and omissions:

1. Failing to exercise reasonable care to make the premises safe for invitees;

2. Failing to warn of dangerous condition that existed;

3. Failing to exercise reasonable care to inspect the premises;

4. Failing to exercise reasonable care in order to discover the dangerous conditions that existed;

5. Failing to properly maintain the premises in a reasonable and safe condition;

5

6.  Failing to remedy the dangerous condition that existed;

7.  Creating the dangerous condition;

8.  Negligently failing to remove or warn of the wet floor;

9.  Failing to properly supervise and train its employee with regard to the company's policies and/or maintenance and sanitation procedures;

10. Failing to have adequate policies and procedures in place to dictate appropriate practices for maintenance and/or sanitation;

11. Failing to exercise reasonable care in order to discover the dangerous conditions that existed; and

12. Other acts of negligence as yet unspecified.

Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of the Defendant have no excuse in law, their acts and omissions also constitute *negligence per se*; the Defendant thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT ALEXANDER

Defendant Alexander was the Director of Safety and Security for Defendant IHG on the date of the accident and during the relevant time period. Defendant Alexander informed Plaintiff that he knew the flooring upon which Plaintiff slipped was unsafe and that he had already recommended that it be replaced. Despite this knowledge, Defendant Alexander failed to take sufficient actions to make the area safe for guests and failed to adequately warn Plaintiff or ensure that adequate warnings were in place to warn Plaintiff. As the Director of Safety and Security, Defendant Alexander had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6

Plaintiff's injuries were proximately caused by Defendant Alexander's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Defendant Alexander consisted of, but is not limited to, the following acts and omissions:

1. Failing to exercise reasonable care to make the premises safe for invitees;

2. Failing to warn of dangerous condition that existed;

3. Failing to properly maintain the premises in a reasonable and safe condition;

4. Failing to remedy the dangerous condition that existed;

5. Creating the dangerous condition;

6. Negligently failing to remedy or warn of the wet floor;

7. Other acts of negligence as yet unspecified.

Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of Defendant Alexander have no excuse in law; Defendant Alexander thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VIII.

The Defendants, by contract, conduct, custom or otherwise, retained the right to control the premises in question and/or the conditions and instrumentalities, which caused the occurrence in question, and Plaintiff's injuries and damages.

## IX.

The Defendants exercised direction and/or control over the premises in question and/or the conditions and instrumentalities, which caused the occurrence in question in Plaintiff's injuries and damages.

## X.

7

The Defendants had actual and/or constructive knowledge of dangerous conditions and instrumentalities on the premises in question, which caused the occurrence in question, and Plaintiff's injuries and damages.

**XI.**

The Defendants engaged in negligent and/or grossly negligent activities, which separately and/or together, were a proximate cause of the occurrence in question and Plaintiff's injuries and damages.

**XII.**
**VICARIOUS LIABILITY**

Defendants IHG and Owner are vicariously liable for the actions of their agents, officers, servants, borrowed servants, employees and representatives.  The actions of IHG and Owner's agents, officers, servants, borrowed servants, employees and representatives were done with the full authorization or ratification of Defendants IHG or Owner or were done in the normal and routine course and scope of employment.  The principal is vicariously liable for the acts of the agent because of an employer-employee relationship, agency by estoppel, ostensible agency or borrowed servant doctrine.

**XIII**
**DAMAGES**

Plaintiff as a proximate and produced result of Defendants' tortuous conduct, suffered painful bodily injuries and damages. Plaintiff brings suit for her damages including, but not limited to:

1.    Reasonable medical care and expenses in the past;

2.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

3.    Physical pain and suffering in the past;

4.    Physical pain and suffering in the future;

8

5.     Physical impairment in the past;

6.     Physical impairment which, in all reasonable probability, will be suffered in the future;

7.     Mental anguish in the past;

8.     Mental anguish in the future;

9.     Physical Disfigurement in the past;

10.    Physical Disfigurement in the future.

11.    Plaintiff sues for any and all damages allowed by law.

## XIV.

Plaintiff alleges damages far in excess of the minimum jurisdiction of the Court and specifically reserves the right to plead the damages with particularity when the damages are more fully known to him.  In order to comply with Rule 47, Plaintiff seeks monetary relief over $1,000,000.  In the alternative and in order to comply with Rule 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.  In the alternative and in order to comply with Rule 47, Plaintiff seeks monetary relief of $250,000 or less.

## XV.

Plaintiff further sues the Defendants for all pre-judgment interest and post-judgment interest as allowed by law.

## XVI.

All pleadings are in the alternative. Plaintiff reserves the right to amend these pleadings.

## XVII.
## REQUEST FOR REQUIRED DISCLOSURES

Pursuant to Texas Rules of Civil Procedure 194.1, Defendants are hereby advised of their duty to disclose, within 30 days of the filing of their first answer or general appearance, the information and material described in Rule 194.2, 194.3 and 194.4 of the Texas Rules of Civil Procedure.

## XVIII.

9

Plaintiff respectfully requests a jury trial.  Plaintiff's jury fee has been remitted to the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants IHG, LLC, SCP 6750 Main Street, LLC, SCP 6750 Main Street Opco, LLC and Stan Alexander be cited to answer and appear and that upon final hearing, the Plaintiff have judgment in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief to which she may be entitled to either at law or in equity and for all of which she will ever pray.

Respectfully submitted,

**PORTNER ⬥ BOND, PLLC**

*/s/ Chris Portner*
Chris M. Portner
State Bar No. 24007858
cportner@portnerbond.com
J. Trenton Bond
State Bar No. 00785707
tbond@portnerbond.com
1905 Calder Avenue
Beaumont, Texas 77701
(409) 838-4444 – Telephone
(409) 554-0240 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**APRIL WOOTEN**

10

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tammy Sachitano on behalf of Christopher Portner
Bar No. 24007858
tsachitano@portnerbond.com
Envelope ID: 102313561
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/23/2025 3:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 6/23/2025 3:08:43 PM | SENT |

7/21/2025 1:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103379763
By: Rhonda Momon
Filed: 7/21/2025 1:13 PM

CAUSE NO. 2025-43556

| | | |
|---|---|---|
| APRIL WOOTEN | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SCP 6750 MAIN STREET, LLC, SCP | § | |
| 6750 MAIN STREET OPCO, LLC, IHG | § | |
| MANAGEMENT (MARYLAND), LLC, | § | 234TH JUDICIAL DISTRICT |
| AND STAN ALEXANDER | § | |

## **DEFENDANT IHG MANAGEMENT (MARYLAND) LLC'S, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendant IHG MANAGEMENT (MARYLAND) LLC, and files this, its Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

### **SPECIAL EXCEPTIONS**

1.     Defendant specially excepts because Plaintiff has failed to properly state the amount of monetary relief sought pursuant to Rule 47 of the Texas Rules of Civil Procedure. Instead, Plaintiff has pled for all ranges of damages permitted under Rule 47. Defendant asks this Court to order Plaintiff to re-plead with the required specificity, specifically, pleading for only one of the range of damages permitted under Rule 47, within fourteen days of the order of the same.

### **GENERAL DENIAL**

2.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all allegations contained in the *Plaintiff's Original Petition*, and in any amended or supplemental petitions which may be filed by Plaintiff after this date and respectfully requests that Plaintiff be required to prove her allegations against Defendant by a preponderance of the evidence.

3.      Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

4.      Answering further, without waiving the foregoing, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts by way of affirmative defense that at the time, and on the occasion in question, Plaintiff April Wooten ("Plaintiff") failed to exercise the degree of care which an ordinary person would have exercised under same or similar circumstances and that such negligence was the sole proximate cause of Plaintiff's injuries and damages, if any. In the alternative, if Plaintiff's negligence was not the sole proximate cause of Plaintiff's injuries and damages, then it was at least fifty-one percent (51%) of the cause of the alleged injuries and damages, if any.

5.      Answering further, and without waiving the foregoing, Defendant asserts by way of affirmative defenses that the incident made the basis of this lawsuit and the damages claimed by Plaintiff herein were solely caused by persons, entities, instrumentalities, or factors other than these Defendant and over whom Defendant possess no right of control or responsibility.

6.      Answering further, and without waiving the foregoing, Defendant asserts that the injuries of which Plaintiff complains have pre-existed and/or occurred after the incident made the basis of this suit and to the extent Plaintiff failed to follow advice or treatment recommendations of her providers or failed to seek reasonable costs associated with his care, then Defendant assert she failed to mitigate his damages.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

7.      Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the Plaintiff to the fullest extent allowed by Chapters

2

32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have Plaintiff, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

8.      Answering further, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009). Defendant asserts that the medical expenses claimed are not reasonably necessary and/or the amounts were excessive.  More specific facts may be available in expert reports and disclosures, which will be filed and supplemented in compliance with the scheduling order.

## DENIAL OF CONDITIONS PRECEDENT

9.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

**RULE 193.7 NOTICE**

10.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**DEMAND FOR JURY TRIAL**

11.    Defendant respectfully demands a jury trial of all issues in this cause. Defendant tenders the fee for district court, as required by Texas Government Code § 51.604.

**PRAYER**

WHEREFORE, Defendant IHG MANAGEMENT (MARYLAND) LLC, prays that:

a.    Plaintiff takes nothing by this suit and Plaintiff be discharged with her costs;

b.    On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.    Defendant recovers all costs, together with such other relief, both general and special, to which it may be justly entitled.


Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

GINA A. LUCERO
TBN: 00791144
STEFAN A. GINNARD
TBN: 24086440
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300

4

Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**ATTORNEYS FOR DEFENDANT**
**IHG MANAGEMENT (MARYLAND)**
**LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2025, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Tex.R.Civ.P. Rule 21a.

***Via Electronic Service:***
Chris M. Portner
J. Trenton Bond
Portner & Bond, PLLC
1905 Calder Avenue
Beaumont, Texas 77701

_____
GINA A. LUCERO

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Perla Puente on behalf of GINA LUCERO
Bar No. 00791144
ppuente@lucerowollam.com
Envelope ID: 103379763
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant IHG Management (Maryland) LLC's Original Answer
Status as of 7/21/2025 3:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 7/21/2025 1:13:34 PM | SENT |
| Stefan A.Ginnard | | sginnard@lucerowollam.com | 7/21/2025 1:13:34 PM | SENT |
| Gina A.Lucero | | glucero@lucerowollam.com | 7/21/2025 1:13:34 PM | SENT |
| Heather MO'Harra | | hoharra@lucerowollam.com | 7/21/2025 1:13:34 PM | SENT |
| Perla JPuente | | ppuente@lucerowollam.com | 7/21/2025 1:13:34 PM | SENT |

7/28/2025 8:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103635402
By: Jarod Stirrup
Filed: 7/28/2025 8:35 AM

CAUSE NO. 2025-43556

| | | |
|---|---|---|
| APRIL WOOTEN | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SCP 6750 MAIN STREET, LLC, SCP | § | |
| 6750 MAIN STREET OPCO, LLC, IHG | § | |
| MANAGEMENT (MARYLAND), LLC, | § | 234TH JUDICIAL DISTRICT |
| AND STAN ALEXANDER | § | |

**DEFENDANTS' SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC,
AND STAN ALEXANDER'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Defendants SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET

OPCO, LLC, and STAN ALEXANDER (collectively "Defendants") and files this, their Original

Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

**SPECIAL EXCEPTIONS**

1.      Defendants specially except because Plaintiff has failed to properly state the amount of

monetary relief sought pursuant to Rule 47 of the Texas Rules of Civil Procedure. Instead, Plaintiff

has pled for all ranges of damages permitted under Rule 47. Defendants ask this Court to order

Plaintiff to re-plead with the required specificity, specifically, pleading for only one of the range of

damages permitted under Rule 47, within fourteen days of the order of the same.

**GENERAL DENIAL**

2.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all

allegations contained in the *Plaintiff's Original Petition*, and in any amended or supplemental

petitions which may be filed by Plaintiff after this date and respectfully requests that Plaintiff be

required to prove her allegations against Defendants by a preponderance of the evidence.

3.      Defendants respectfully reserve the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

4.      Answering further, without waiving the foregoing, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert by way of affirmative defense that at the time, and on the occasion in question, Plaintiff April Wooten ("Plaintiff") failed to exercise the degree of care which an ordinary person would have exercised under same or similar circumstances and that such negligence was the sole proximate cause of Plaintiff's injuries and damages, if any. In the alternative, if Plaintiff's negligence was not the sole proximate cause of Plaintiff's injuries and damages, then it was at least fifty-one percent (51%) of the cause of the alleged injuries and damages, if any.

5.      Answering further, and without waiving the foregoing, Defendants assert by way of affirmative defenses that the incident made the basis of this lawsuit and the damages claimed by Plaintiff herein were solely caused by persons, entities, instrumentalities, or factors other than these Defendants and over whom Defendants possess no right of control or responsibility.

6.      Answering further, and without waiving the foregoing, Defendants assert that the injuries of which Plaintiff complains have pre-existed and/or occurred after the incident made the basis of this suit and to the extent Plaintiff failed to follow advice or treatment recommendations of her providers or failed to seek reasonable costs associated with his care, then Defendants assert she failed to mitigate her damages.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

7.      Answering further, without waiving the foregoing, Defendants assert entitlement to reduce the amount of damages to be recovered by the Plaintiff to the fullest extent allowed by Chapters

32 and 33 of the Texas Civil Practice and Remedies Code and Defendants assert their right to have Plaintiff, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

8.      Answering further, Defendants assert all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009). Defendants assert that the medical expenses claimed are not reasonably necessary and/or the amounts were excessive. More specific facts may be available in expert reports and disclosures, which will be filed and supplemented in compliance with the scheduling order.

## DENIAL OF CONDITIONS PRECEDENT

9.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendants deny that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendants have asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

**RULE 193.7 NOTICE**

10.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants give actual notice to Plaintiff that all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**DEMAND FOR JURY TRIAL**

11.     Defendants respectfully demand a jury trial of all issues in this cause. Defendants tender the fee for district court, as required by Texas Government Code § 51.604.

**PRAYER**

WHEREFORE, Defendants SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, and STAN ALEXANDER, pray that:

a.      Plaintiff takes nothing by this suit and Plaintiff be discharged with her costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendants be dismissed with prejudice; and

c.      Defendants recovers all costs, together with such other relief, both general and special, to which they may be justly entitled.


Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

GINA A. LUCERO
TBN: 00791144
STEFAN A. GINNARD
TBN: 24086440
1776 Yorktown, Suite 100
Houston, Texas 77056

4

Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2025, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Tex.R.Civ.P. Rule 21a.

***Via Electronic Service:***
Chris M. Portner
J. Trenton Bond
Portner & Bond, PLLC
1905 Calder Avenue
Beaumont, Texas 77701

_____
GINA A. LUCERO

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Perla Puente on behalf of GINA LUCERO
Bar No. 00791144
ppuente@lucerowollam.com
Envelope ID: 103635402
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants' SCP 6750 Main Street, LLC, SCP 6750 Main Street OPCO, LLC, and Stan Alexander's Original Answer
Status as of 7/28/2025 9:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher M.Portner | | cportner@portnerbond.com | 7/28/2025 8:35:45 AM | SENT |
| Stefan A.Ginnard | | sginnard@lucerowollam.com | 7/28/2025 8:35:45 AM | SENT |
| Gina A.Lucero | | glucero@lucerowollam.com | 7/28/2025 8:35:45 AM | SENT |
| Heather MO'Harra | | hoharra@lucerowollam.com | 7/28/2025 8:35:45 AM | SENT |
| Perla JPuente | | ppuente@lucerowollam.com | 7/28/2025 8:35:45 AM | SENT |

**Harris County Docket Sheet**

# 2025-43556

**COURT:**   234th

**FILED DATE:**  6/23/2025

**CASE TYPE:**  Premises



---

### WOOTEN, APRIL

**Attorney: PORTNER, CHRISTOPHER MICHAEL**

### vs.

### SCP 6750 MAIN STREET LLC

**Attorney: LUCERO, GINA AILEEN**

---

| Trial Settings | |
| --- | --- |
| **Date** | **Comment** |
| 7/20/2026 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
| --- | --- |
| **Date** | **Comment** |
| 6/24/2025 | TRANX - ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED |

Unofficial Copy Office of Marilyn Burgess District Clerk