Case 4:25-cv-03558   Document 15   Filed on 08/27/25 in TXSD   Page 1 of 14

United States Courts
Southern District of Texas
FILED

*August 27, 2025*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL WOOTEN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:25-CV-03558 |
| v. | § | JUDGE GEORGE C. HANKS, JR. |
| | § | |
| SCP 6750 MAIN STREET, LLC, ET AL | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, APRIL WOOTEN, (hereinafter "Plaintiff"), complaining of **SCP 6750 MAIN STREET, LLC, SCP 6750 MAIN STREET OPCO, LLC, IHG MANAGEMENT (MARYLAND), LLC, AND STAN ALEXANDER** (collectively hereinafter "Defendants"), and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff brings this case pursuant to Track 3 of the Revised Texas Rules of Civil Procedure.

## II.
## JURISDICTION

2. This case was removed by Defendants IHG Management (Maryland),, LLC, SCP 6750 Main Street, LLC, SCP 6750 Main Street Opco, LLC and Stan Alexander. Plaintiff has alleged that diversity of citizenship does not exist and is seeking remand.

1

## III.
## PARTIES AND SERVICE

3. Plaintiff, **APRIL WOOTEN**, would show that she was a resident of Orange County, Texas, at the time of the accident in question. Plaintiff is a citizen of the State of Texas.

4. Defendant, **IHG MANAGEMENT (MARYLAND), LLC,** is a foreign limited liability company authorized to do business in the State of Texas and is doing business in and maintaining agents in the State of Texas and has been served, appeared, and answered herein.

5. Defendant, **SCP 6750 MAIN STREET, LLC**, is a foreign limited liability company authorized to do business in the State of Texas and is doing business in and maintaining agents in the State of Texas and has been served, appeared, and answered herein. SCP 6750 Main Street, LLC's citizenship includes the State of Texas.

6. Defendant, **SCP 6750 MAIN STREET OPCO, LLC**, is a foreign limited liability company authorized to do business in the State of Texas and is doing business in and maintaining agents in the State of Texas and has been served, appeared, and answered herein. SCP 6750 Main Street Opco, LLC's citizenship includes the State of Texas.

7. Defendant, **STAN ALEXANDER**, is an individual residing in Harris County, Texas at the time of the accident in question. Stan Alexander has been served, appeared and answered herein. Stan Alexander is a citizen of the State of Texas.

## IV.
## FACTS

8. On or about November 30, 2023, Plaintiff was injured on the premises of InterContinental Hotel located at 6750 Main Street, Houston, Texas 77030 (hereinafter

"Premises"). Plaintiff slipped and fell due to an unsafe condition on the Premises and suffered severe bodily injuries (the "Accident"). When it rained or the tile/stone flooring otherwise got wet, the flooring became dangerously slippery. This was known or should have been known to all of the Defendants and presented a clear and present danger to any person that walked on the flooring.

9. The Premises was owned on the date of the Accident and at all relevant times by SCP 6750 MAIN STREET, LLC ("Lessor") and SCP 6750 MAIN STREET OPCO, LLC ("Lessee")(Lessee and Lessor are collectively referred to herein as "Owner"). The Premises was managed by IHG Management (Maryland), LLC (referred to herein as "IHG") on the date of the accident and at all relevant times. Mr. Alexander was the Director of Safety and Security for IHG on the date of the accident and at all relevant times. After the Accident, Mr. Alexander informed Plaintiff that he knew the tile/stone walkway upon which Plaintiff slipped was unsafe and that he had already recommended that it be replaced. More specifically, Mr. Alexander explained to Plaintiff that when the tile/stone like material became wet it was dangerously slippery. Despite this knowledge, Defendants failed to take sufficient actions to make the area safe for guests and failed to adequately warn Plaintiff.

10. Defendant Owners had the duty pursuant to the lease to make any and all repairs and replacements to the structure of the building. Here, the flooring which presented the hotel customers with a latent danger needed to be repaired or replaced. The Defendant Owners were the entities directly responsible under the Lease for the repair or replacement of said flooring.

3

11. Plaintiff sustained personal injuries due to the negligence of Defendants in Harris County, Texas. Plaintiff would show that while on the premises, she was harmed by the unreasonably dangerous condition on the premises, namely, the wet tile/stone flooring in front of the Hotel, which caused her to slip and fall and suffer bodily injury. Plaintiff was an invitee at the time the injury occurred. Plaintiff went on and into Defendants' premises for the mutual benefit of herself and Defendants, and at the invitation of the Defendants. Plaintiff was a business invitee of Defendants because she was a guest of the Hotel. Because Plaintiff was an invitee at the time of injury, Defendants owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give adequate warning of any dangers.

12. Defendants' conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendants knew of, or should have known, that the condition on their premises created an unreasonable risk of harm to invitees in that it was reasonably foreseeable that an invitee could be injured by slipping and falling on the wet tile/stone flooring. Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees in that Defendants failed to conduct a reasonably diligent inspection of the premises, remedy or replace the wet tile/stone walkway and failed to warn invitees, including Plaintiff, to use extra caution when entering the Premises. Each of these acts and omissions, whether taken singularly or in any

combination, was a proximate cause of Plaintiff's injuries and damages described below.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT IHG

13. Defendant IHG managed the Premises on the date of the accident and during the relevant time period. Defendant IHG was responsible for the management and operation of the Premises. Defendant IHG had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

14. Plaintiff's injuries were proximately caused by Defendant IHG's negligent, careless and reckless disregard of said duty.

15. The negligent, careless and reckless disregard of duty of Defendant IHG consisted of, but is not limited to, the following acts and omissions:

   a. Failing to exercise reasonable care to make the premises safe for invitees;

   b. Failing to warn of dangerous condition that existed;

   c. Failing to exercise reasonable care to inspect the premises;

   d. Failing to exercise reasonable care in order to discover the dangerous conditions that existed;

   e. Failing to properly maintain the premises in a reasonable and safe condition;

   f. Failing to remedy the dangerous condition that existed;

   g. Creating the dangerous condition;

   h. Negligently failing to remove or warn of the wet floor;

      i. Failing to properly supervise and train its employee with regard to the company's policies and/or maintenance and sanitation procedures;

      j. Failing to have adequate policies and procedures in place to dictate appropriate practices for maintenance and/or sanitation;

      k. Failing to exercise reasonable care in order to discover the dangerous conditions that existed; and

      l. Other acts of negligence as yet unspecified.

16. Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of the Defendant have no excuse in law; the Defendant thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT LESSOR

17. Defendant Lessor owned the Premises on the date of the accident and during the relevant time period. Defendant Lessor was also responsible for the management and operation of the Premises. Defendant Lessor had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. More specifically, the Lease between Lessor and Lessee provided that Lessor was responsible for all Capital Improvements on the date of the accident. The Lease further provided that Capital Improvements is defined as improvements to, among other things, private roadways, parking areas, **sidewalks**, and curbs appurtenant thereto that are under SCP 6750 Main Street Opco, LLC's control. This includes the area where the accident occurred. As noted above, the sidewalk adjoining the hotel became very slippery when it rained or otherwise became wet.

6

Lessor was obligated to replace or repair the dangerous sidewalk where the accident occurred. The Lease also required Lessor's use, maintenance, alteration and operation of the premises to confirm with all laws, rules, or regulations pertaining to safety and public health.

18. Plaintiff's injuries were proximately caused by Defendant Lessor's negligent, careless and reckless disregard of said duty.

19. The negligent, careless and reckless disregard of duty of Defendant Lessor consisted of, but is not limited to, the following acts and omissions:

   a. Failing to exercise reasonable care to make the premises safe for invitees;

   b. Failing to warn of dangerous condition that existed;

   c. Failing to exercise reasonable care to inspect the premises;

   d. Failing to exercise reasonable care in order to discover the dangerous conditions that existed;

   e. Failing to properly maintain the premises in a reasonable and safe condition;

   f. Failing to remedy the dangerous condition that existed;

   g. Creating the dangerous condition;

   h. Negligently failing to repair, replace, or warn of the wet floor;

   i. Failing to properly supervise and train its employee with regard to the company's policies and/or maintenance and sanitation procedures;

   j. Failing to have adequate policies and procedures in place to dictate appropriate practices for maintenance and/or sanitation;

   k. Failing to exercise reasonable care in order to discover the dangerous conditions that existed; and

   l. Other acts of negligence as yet unspecified.

20. Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of the Defendant have no excuse in law; the Defendant thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT LESSEE

21. Defendant Lessee owned the Premises on the date of the accident and during the relevant time period. Defendant Lessee was also responsible for the management and operation of the Premises. Defendant Lessee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. More specifically, the Lease provides that Lessee will keep the Leased Property in accordance with the Management Agreement and in good order and repair except for ordinary wear and tear . . . and with reasonable promptness, make all necessary and appropriate repairs, replacements, and improvements, thereto of every kind and nature, whether interior or exterior. The Lessor knew or should have known that the Premise had a sidewalk that adjoined the hotel became dangerously slippery whenever it rained or otherwise became wet. This required Lessee to replace or repair the dangerous sidewalk where the accident occurred

22. Plaintiff's injuries were proximately caused by Defendant Lessee's negligent, careless and reckless disregard of said duty.

23. The negligent, careless and reckless disregard of duty of Defendant Lessee consisted of, but is not limited to, the following acts and omissions:

   a. Failing to exercise reasonable care to make the premises safe for invitees;

  b. Failing to warn of dangerous condition that existed;

  c. Failing to exercise reasonable care to inspect the premises;

  d. Failing to exercise reasonable care in order to discover the dangerous conditions that existed;

  e. Failing to properly maintain the premises in a reasonable and safe condition;

  f. Failing to remedy the dangerous condition that existed;

  g. Creating the dangerous condition;

  h. Negligently failing to repair, replace, or warn of the wet floor;

  i. Failing to properly supervise and train its employee with regard to the company's policies and/or maintenance and sanitation procedures;

  j. Failing to have adequate policies and procedures in place to dictate appropriate practices for maintenance and/or sanitation;

  k. Failing to exercise reasonable care in order to discover the dangerous conditions that existed; and

  l. Other acts of negligence as yet unspecified.

24. Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of the Defendant have no excuse in law; the Defendant thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VIII
## CAUSES OF ACTION AGAINST DEFENDANT ALEXANDER

25. Defendant Alexander was the Director of Safety and Security for Defendant IHG on the date of the accident and during the relevant time period. Defendant Alexander informed Plaintiff that he knew the wet tile/stone upon which Plaintiff slipped was

9

unsafe and that he had already recommended that it be replaced. Defendant Alexander knew that the floor presented a hazardous condition when it became wet, and also knew that the floor had not been repaired or replaced by Defendants. Nonetheless, Defendant Alexander failed to provide sufficient signage or other warning to alert hotel guests of the dangerous condition. Despite this knowledge, Defendant Alexander failed to take sufficient actions to make the area safe for guests and failed to adequately warn Plaintiff or ensure that adequate warnings were in place to warn Plaintiff. As the Director of Safety and Security, Defendant Alexander had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

26. Plaintiff's injuries were proximately caused by Defendant Alexander's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Defendant Alexander consisted of, but is not limited to, the following acts and omissions:
    a. Failing to exercise reasonable care to make the premises safe for invitees;
    b. Failing to warn of dangerous condition that existed;
    c. Failing to properly maintain the premises in a reasonable and safe condition;
    d. Failing to remedy the dangerous condition that existed;
    e. Creating the dangerous condition;
    f. Negligently failing to remedy or warn of the wet floor;
    g. Other acts of negligence as yet unspecified.

27. Plaintiff alleges that one, more than one, or all of the foregoing acts or omissions constitute negligence and as the actions of Defendant Alexander have no excuse in law; Defendant Alexander thus should be held liable for said negligent acts that were a proximate cause of the injuries sustained by the Plaintiff.

## VIII.

28. The Defendants, by contract, conduct, custom or otherwise, retained the right to control the premises in question and/or the conditions and instrumentalities, which caused the occurrence in question, and Plaintiff's injuries and damages.

## IX.

29. The Defendants exercised direction and/or control over the premises in question and/or the conditions and instrumentalities, which caused the occurrence in question in Plaintiff's injuries and damages.

## X.

30. The Defendants had actual and/or constructive knowledge of dangerous conditions and instrumentalities on the premises in question, which caused the occurrence in question, and Plaintiff's injuries and damages.

## XI.

31. The Defendants engaged in negligent and/or grossly negligent activities, which separately and/or together, were a proximate cause of the occurrence in question and Plaintiff's injuries and damages.

## XII.
## VICARIOUS LIABILITY

32. Defendants IHG and Owner are vicariously liable for the actions of their agents, officers, servants, borrowed servants, employees and representatives. The actions of IHG and Owner's agents, officers, servants, borrowed servants, employees and representatives were done with the full authorization or ratification of Defendants IHG or Owner or were done in the normal and routine course and scope of employment. The principal is vicariously liable for the acts of the agent because of an employer-employee relationship, agency by estoppel, ostensible agency or borrowed servant doctrine.

## XIII
## DAMAGES

33. Plaintiff as a proximate and produced result of Defendants' tortuous conduct, suffered painful bodily injuries and damages. Plaintiff brings suit for her damages including, but not limited to:

    a.  Reasonable medical care and expenses in the past;
    b.  Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
    c.  Physical pain and suffering in the past;
    d.  Physical pain and suffering in the future;
    e.  Physical impairment in the past;
    f.  Physical impairment which, in all reasonable probability, will be suffered in the future;
    g.  Mental anguish in the past;
    h.  Mental anguish in the future;
    i.  Physical Disfigurement in the past;
    j.  Physical Disfigurement in the future.
    k.  Plaintiff sues for any and all damages allowed by law.

## XIV.

34. Plaintiff alleges damages far in excess of the minimum jurisdiction of the Court and specifically reserves the right to plead the damages with particularity when the damages are more fully known to him. In order to comply with Rule 47, Plaintiff seeks monetary relief over $1,000,000. In the alternative and in order to comply with Rule 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. In the alternative and in order to comply with Rule 47, Plaintiff seeks monetary relief of $250,000 or less.

## XV.

35. Plaintiff further sues the Defendants for all pre-judgment interest and post-judgment interest as allowed by law.

## XVI.

36. All pleadings are in the alternative. Plaintiff reserves the right to amend these pleadings.

## XVIII.

37. Plaintiff respectfully requests a jury trial. Plaintiff's jury fee has been remitted to the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants IHG, LLC, SCP 6750 Main Street, LLC, SCP 6750 Main Street Opco, LLC and Stan Alexander be cited to answer and appear and that upon final hearing, the Plaintiff have judgment in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief to which she may be entitled to either at law or in equity and for all of which she will ever pray.

13

Respectfully submitted,

**PORTNER ⬧ BOND, PLLC**

*/s/ Chris Portner*
Chris M. Portner
State Bar No. 24007858
cportner@portnerbond.com
J. Trenton Bond
State Bar No. 00785707
tbond@portnerbond.com
1905 Calder Avenue
Beaumont, Texas 77701
(409) 838-4444 – Telephone
(409) 554-0240 – Facsimile

**ATTORNEYS FOR PLAINTIFF
APRIL WOOTEN**

## CERTIFICATE OF SERVICE

I certify that on the 15th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmitted of a Notice of Electronic Filing to the following ECF registrants:

Gina A. Lucero
glucero@lucerowollam.com
Stefan A. Ginnard
sginnard@lucerowollam.com

*/s/ Chris Portner*
Chris Portner

14